

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-11-2002

# USA v. Mohamed Youla

Precedential or Non-Precedential:

Docket 99-5151

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Mohamed Youla" (2002). *2002 Decisions.* Paper 13.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/13

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 99-5151


UNITED STATES OF AMERICA

v.

MOHAMED YOULA, a/k/a Mohamed Fofana

Mohamed Youla,
                              Appellant


On Appeal from the United States District Court
           for the District of Delaware
         (D.C. Crim. No. 98-cr-00106-1)
     District Judge: Hon. Murray M. Schwartz


Argued December 18, 2001

Before:  SLOVITER, McKEE, Circuit Judges, and DEBEVOISE, District Judge

(Filed: January 11, 2002)


                    Joseph R. Donahue    (ARGUED)
Brickfield & Donahue
River Edge, New Jersey 07661

     Attorney for Appellant

Richard G. Andrews
     United States Attorney
                    Edmond Falgowski    (ARGUED)
     Assistant United States Attorney
Wilmington, Delaware 19899-2046

     Attorneys for Appellee


          MEMORANDUM OPINION OF THE COURT


SLOVITER, Circuit Judge.
     Mohamed Youla appeals from the judgment of sentence.  After
indictment in the

United States District Court for the District of Delaware, Youla pleaded guilty to social security number fraud in violation of 42 U.S.C. 408(a)(7)(B) (Supp. 2001) and 18 U.S.C. 2 (2000). His appeal challenges the District Court's calculation of loss and its failure to apply 2X1.1 of the U.S. Sentencing Guidelines Manual (1998). We will affirm.

The District Court had jurisdiction under 18 U.S.C. 3231. This court has jurisdiction pursuant to 28 U.S.C. 1291 and 18 U.S.C. 3742(a).

                                    I.

Youla first argues that the District Court erred by calculating the loss value as the aggregate credit limit on the credit cards he and his coconspirators attempted to acquire. This court reviews findings of facts under a clearly erroneous standard. See, e.g., United States v. Hillstrom, 988 F.2d 448, 450 (3d Cir. 1993). We give plenary review to a district court's interpretation of the sentencing guidelines, including a district court's assessment of what constitutes a "loss." United States v. Sharma, 190 F.3d 220, 226 (3d Cir. 1999).

In February of 1998, Youla attempted to purchase credit cards through "Moe," an FBI informant. Moe purported to have a relative who worked for a bank and could acquire the cards, but would only engage in a transaction for a minimum of twenty cards. Although Youla never actually purchased the credit cards, apparently because he suspected that Moe was connected with law enforcement, Youla did organize the requisite number of buyers, agreed to the transaction, and provided Moe with sufficient names and social security numbers of prospective card purchasers (8 false and 12 authentic) to meet the twenty card order minimum. Each of the buyers was willing to pay at least $1,000 per card. Youla and Mara, one of his confederates, met with Moe and his "relative," an FBI agent, who showed them twenty credit cards which Moe had procured using the information provided by Youla and his group. Youla and Mara sampled one of the credit cards, and agreed to meet with Moe the following day to complete the transaction. Neither Youla nor Mara appeared.

The District Court calculated the loss from the social security number fraud by

summing the credit limits of those cards acquired using false social security numbers. Each of the cards had a credit limit of $50,000. Multiplying $50,000 by eight, the number of cards which depended on false social security numbers, the District Court set the amount of loss at $400,000.

Youla argues he should not be held responsible for the false social security card numbers provided by others. Under 1B1.3(a) of the Sentencing Guidelines Manual conduct relevant to determining the Guideline range includes, "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant," including "all reasonably foreseeable acts and omissions of others in furtherance of a jointly undertaken criminal activity," 1B1.3(a)(1)(A)-(B), and "all harm that was the object of such acts and omissions," 1B1.3(a)(3).

The District Court found that it was foreseeable to Youla that those involved in the scheme would use false social security numbers to obtain credit cards. Youla himself provided a false social security number, and one of his confederates described how to obtain false identification. The District Court's finding was not erroneous.

Youla also argues that the District Court erred in determining that he and his confederates intended to exhaust the credit limits of the cards. This court's recent opinion in United States v. Geevers, 226 F.3d 186 (3d Cir. 2000), is instructive on the permissible inferences and burden of proof on determining intended loss. In that case, we held "that it is not an error of law for a court to draw inferences from the face value of the checks in arriving at the factual conclusion that the defendant intended to [withdraw all the funds.]" Id. at 193.

We also described the burden of proof for calculating the loss in these circumstances. Following a prima face showing by the government that "the defendant intended to cause the full loss of those amounts," the burden shifts to the defendant to present "persuasive evidence . . . that his intent was to steal a lesser amount." Id. at 194.

The District Court's determination that Youla and his associates intended to exhaust the credit limits on the cards they acquired was not clearly erroneous. Youla

claims he intended to repay the credit card debt he incurred, but before he was caught Youla characterized the purchase of the credit cards as a potentially lucrative business. Youla described the scheme to a potential participant in terms of the credit limit, demonstrating his expectation that his cohorts would exhaust their cards. The fact that the social security numbers were false belies any intent by Youla and his confederates to repay the debts incurred. In fact, in Youla's presence, one of his confederates explicitly expressed an intent to exhaust the credit limits of the cards he would acquire.

Youla attempts to distinguish Geevers on the grounds that Geevers' fraud required more effort, Geevers partially succeeded, and Youla withdrew from the scheme. The District Court did not err in determining Youla failed to consummate the scheme because of his concerns about being apprehended by the authorities, not because he intended to withdraw from the criminal activity. The remaining differences are insufficient to distinguish Geevers.

II.

Youla's second argument on appeal is that the District Court erred by failing to reduce Youla's offense level under 2X1.1 of the Sentencing Guidelines. Section 2X1.1 provides for a reduction of three guideline points for attempts. U.S. Sentencing Guidelines Manual 2X1.1(b)(1) (1998). Youla argues that because he never completed his purchase of the credit cards, he should enjoy the benefits of 2X1.1. Although a motion panel denied Youla's trial counsel's Anders motion because it determined that Youla's 2X1.1 argument was not frivolous, see United States v. Youla, 241 F.3d 296, 301–02 (3d Cir. 2001), Youla's 2X1.1 argument fails on the merits. In Geevers, the defendant claimed that because he had only attempted to commit bank fraud, the sentencing court erred by not reducing his guideline points pursuant to 2X1.1. As a threshold inquiry to evaluating his claim, we inquired whether the defendant pleaded guilty to an attempt or to the substantive offense. We reached the 2X1.1 issue only after concluding it was unclear "from the record whether Geevers should be viewed as having pleaded guilty solely to a completed crime or an attempt." Geevers, 226 F.3d at

196. Our confusion rested in part on the bank fraud statute under which Geevers was convicted. That statute, 18 U.S.C. 1344, contains both substantive offense and attempt provisions.

Here there is no such confusion. Youla pleaded guilty to social security number fraud under 42 U.S.C. 408(a)(7)(B) and 18 U.S.C. 2, neither of which contains an attempt provision. Youla did not plead guilty to attempted social security number fraud. The elements for a violation of 42 U.S.C. 408(a)(7)(B) include (1) giving a false social security number, (2) represented as a true number, (3) with intent to deceive, (4) for the purpose of obtaining some benefit to which the defendant is not entitled. Youla pleaded guilty to this offense, effectively conceding he completed all elements, and the evidence supports his plea. A reduction under 2X1.1 is not available.

III.

For the reasons set forth, we will affirm the judgment of sentence of the District Court.

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/ Delores K. Sloviter
Circuit Judge